# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-10824
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERESA SMITHERMAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-6

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Teresa Smitherman appeals the 97-month sentence imposed by the district court following her guilty plea conviction for possession of methamphetamine with intent to distribute and aiding and abetting. She argues that the sentence is unreasonable and that the district court did not give reasons for denying her motion for a sentence below the applicable guideline range. She argues that a sentence below the guideline range was appropriate in this case because she distributed methamphetamine only to support her own habit; she was involved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the codefendants for only approximately three months; she did not personally know the drug supplier; she had only two prior misdemeanor convictions; she cooperated fully with state and federal authorities; and while incarcerated, she voluntarily enrolled in a drug treatment program.

The Government argues that review is limited to plain error because Smitherman did not object to the reasonableness of her sentence at the close of the sentencing hearing. The court need not decide the appropriate level of review because, as explained below, the district court's reasons for imposing a sentence with the advisory guidelines range were sufficient even if the claim was preserved.

Because Smitherman's sentence was within the applicable guideline range, it is entitled to a presumption of reasonableness and lengthy explanation of the sentence was not required. See Gall v. United States, 128 S. Ct. 586, 597 (2007); see also Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Smitherman does not argue that the district court improperly calculated the applicable guideline range. The district court stated that it considered the information and arguments presented by Smitherman, the factors in 18 U.S.C. § 3553(a), as well as the need for serious penalties due to the effect of methamphetamine upon people's lives. Smitherman has not shown that the district court failed to consider her arguments, that the district court erred in calculating the guideline range, or that the sentence imposed by the district court was unreasonable. See Gall, 128 S. Ct. at 597. Accordingly, the judgement of the district court is AFFIRMED.